In the Matter of LEONARD IRWIN FREEDMAN (Admitted as LEONARD FREEDMAN), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, April 2, 1959.

*Raymond P. Whearty* of counsel (*Frank H. Gordon,* attorney), for petitioner.

*Samuel J. Siegel* for respondent.

*Per Curiam.* Five charges of professional misconduct were brought against respondent in the original and supplemental petitions. The charges involved solicitation and overreaching of clients, repeated institution of baseless litigation, failure to adequately investigate the claims of a client and respondent's delay in paying a judgment entered against him. The Referee dismissed the charges which related to overreaching and delay in paying the judgment, but sustained the remaining charges. The report of the Referee should be confirmed and the respondent should be suspended.

The undisputed testimony with respect to all five of the charges leads inevitably to the conclusion that respondent is suffering from a substantial mental disturbance. His actions were consistently aberrational and were, in large part, the products of unfounded personal animosity. It is true that many of respondent's actions, when considered individually, might be explained in terms of his youth or inexperience or would not warrant severe discipline. However, when viewed together, the picture presented is that of a wholly irresponsible attitude towards others.

With respect to one of the matters involved, respondent accepted a retainer in a case despite substantial doubts as to the character of his client, the merits of her claim and the motives of the person who had referred him to the client. Even a very limited examination would have revealed that the client was a confirmed alcoholic and that her claims were totally baseless. Respondent failed to make even this limited inquiry. Despite this and the further fact that the client later agreed to discontinue the lawsuit, respondent continued to act in her behalf and even encouraged her to take further steps.

The pattern of irresponsibility becomes even clearer when the matters contained in the third charge are considered. The gravamen of this charge is respondent's repeated institution of civil and criminal actions against persons who had incurred his displeasure. Included in this group were a former business associate, a young woman who repulsed his attentions and the latter's employer. The facts upon which respondent based his various retaliatory moves, more often than not, bore no reasonable relationship to the actual occurrences.

Respondent's testimony at the hearing before the Referee gave no evidence of any improvement in his condition or that

he now appreciated the abnormality of his condition. Respondent has shown himself unfit to represent those who would engage him. Both the public and his own interest require his removal, at least pending his mental illness, from an area where he can do further harm. (*Matter of Portnick*, 5 A D 2d 16; *Matter of Gould*, 4 A D 2d 174.)

Accordingly, respondent should be suspended for two years, and reinstatement may be applied for only on a clear showing of complete mental rehabilitation.

BOTEIN, J. P., BREITEL, M. M. FRANK, McNALLY and STEVENS, JJ., concur.

Respondent suspended for two years, and reinstatement may be applied for only on a clear showing of complete mental rehabilitation.